IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DAVID DOUGLAS, | ) |
| and | ) |
| SUZANNE DOUGLAS, | ) |
| Plaintiffs, | ) Cause No. 10-3378-CV-S-RED |
| vs. | ) |
| SOVEREIGN BANK, | ) |
| Defendants. | ) |

## DEFENDANT'S MOTION TO SET ASIDE DEFAULT

COMES NOW, Defendant, by and through counsel, and for its Motion to Set Aside Default states as follows:

1. This cause was filed by Plaintiffs on or about September 21, 2010 in this Court.

2. Due to mistake and inadvertence, Defendant failed to timely file its Answer, Motion to Dismiss or otherwise respond to the Plaintiff's Complaint.

3. Defendant was reviewing and investigating the Complaint filed by the Plaintiffs and has a meritorious defense, in that the Plaintiffs' Complaint wholly fails to state a claim on which relief can be granted.

4. In support of this meritorious defense, Defendant is filing contemporaneously with this Motion to Set Aside its Motion to Dismiss.

5. Defendant is also pursuing a state court action against the Defendants arising out of the same loan and lien of which the Plaintiffs allege in their Complaint, which state court action predates this federal action.

1

6. As this state court action has been heavily contested by the Plaintiffs, it has inadvertently drawn the Defendant's attention away from the present suit.

7. No slight to the Court was intended by failing to timely file a response to the Plaintiffs' Complaint.

8. Defendant, having just now discovered the default having been entered on October 19, 2010 has timely moved to have said default set aside.

9. No party shall be prejudiced by having the default set aside, given the timeliness of this Motion and the actual meritorious defense of the Defendant to the suit.

10. This Motion is supported by counsel's Affidavit, attached hereto and incorporated herein by reference.

11. Further, as pointed out in Defendant's Motion to Dismiss, the Plaintiffs Complaint contains such pleading issues that a proper Answer to the Complaint is impossible.

WHEREFORE, Defendant prays this Court enter its Order, setting aside the default entered in this Cause and for such other and further relief as this Court deems just and proper.

MILLSAP & SINGER, LLC

By: /s/ Scott D. Mosier
Scott D. Mosier, #44179
Aaron M. Schuckman #55304
612 Spirit Dr.
St. Louis, MO 63005
(636) 537-0110
(636) 537-0067 [fax]
smosier@msfirm.com
Attorneys for Defendant Sovereign Bank FSB

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was mailed, postage pre-paid, on October 21, 2010 to:

- David A. Douglas, 2300 E. Hartley St., Ozark, MO 65721
- Suzanne S. Douglas, 2300 E. Hartley St., Ozark, MO 65721

*/s/ Scott P. Moore*

3

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DAVID DOUGLAS, | ) |
| and | ) |
| SUZANNE DOUGLAS, | ) |
| Plaintiffs, | ) Cause No. 10-3378-CV-S-RED |
| vs. | ) |
| SOVEREIGN BANK, | ) |
| Defendants. | ) |

**AFFIDAVIT IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT**

Comes now, the undersigned and upon being duly sworn deposes and states as follows:

1. My name is Scott D. Mosier, and I am the counsel retained by Sovereign Bank. I am over the age of 18 years, am competent to make this Affidavit and have personal knowledge of the statements contained herein.

2. Sovereign Bank has brought a state court action for quiet title and judicial foreclosure, arising from issues related to title.

3. In the State Court action, the Plaintiffs herein filed numerous filings attempting to avoid the foreclosure on their property, thereby intentionally hindering Sovereign Bank's ability to enforce its Deed of Trust, which was executed by the Douglases.

4. The Douglases have been actively contesting this state court action and, in addition, have filed this federal court action in an apparent attempt to collaterally attack the state court action.

4

5. While prosecuting the state court action and defending against the Douglas' filings and pleadings therein, counsel's attention was inadvertently drawn away from this federal suit, such that the time to respond to the pleading was inadvertently missed.

6. It was not counsel's intention to delay, ignore or avoid this federal case, but only by mistake and inadvertence was a responsive pleading not filed.

7. As set out in the Motion to Dismiss, which is being filed contemporaneously with the Motion to Set Aside Default Judgment and this Affidavit, the Defendant does have a meritorious defense, in that the Plaintiffs have completely failed to state a claim on which relief can be granted.

8. Further, to the extent that the Plaintiffs may have stated some claim, the deficiencies in their Complaint are so numerous that a proper Answer can not be filed.

9. Given that default was just entered on October 19, 2010 and just discovered by counsel today, October 21, 2010, I do not believe that any prejudice will be suffered by any party by having the default judgment set aside.

10. Counsel therefore asks that this Court set aside the default judgment entered in this cause.

Further Affiant sayeth not.

5

STATE OF MISSOURI      )
                       ) SS
COUNTY OF ST. LOUIS    )

_____
Scott D. Mosier

      Subscribed and sworn to before me, a Notary Public, this 21st day of October, 2010.

My Commission Expires:



LINDSEY POLITTE
My Commission Expires
November 29, 2013
St. Louis County
Commission #09901072

_____
Notary Public

