IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DAVID DOUGLAS, <br><br> and <br><br> SUZANNE DOUGLAS, <br><br> Plaintiffs, <br><br> vs. <br><br> SOVEREIGN BANK, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Cause No. 10-3378-CV-S-RED <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S MOTION TO DISMISS

COMES NOW, Defendant Sovereign Bank, by and through counsel, and for its Motion to Dismiss states as follows:

1. Plaintiffs have filed their Complaint, which contains a long and rambling statement of various causes of action, including allegations for fraud, RESPA complaints, breach of an alleged duty of good fair and fair dealing, alleged TILA violations, quiet title and other allegations related to the mortgage loan taken out by the Plaintiffs in 2006.

2. This suit arises out of and in response to a civil equity action filed June 23, 2010 by Sovereign Bank in the Circuit Court of Christian County, Missouri, in Case No. 10CT-CC00533 (hereinafter referred to as the "State Court Action"), regarding a residential real property known and numbered as 2300 E. Hartley Rd., Ozark, MO 65721 (hereinafter the "Property").

3. In the State Court Action, Sovereign Bank, the current holder of a Note and Deed of Trust executed by the Plaintiffs, is seeking to remove several unauthorized and unilateral filings made by the Plaintiffs with the Christian County, Missouri, Recorder of Deeds in an effort to unilaterally release the Deed of Trust held by Sovereign Bank and otherwise cloud title to the Property.

4. Rather than respond in the previously filed State Court Action, Plaintiffs seek to collaterally attack the State Court Action by bringing the present suit in the United States District Court, Western District of Missouri (hereinafter the "Federal Court Action").

5. In filing their Federal Court Action, Plaintiffs wholly fail to state a claim on which relief can be granted, fail to comply with the pleading requirements set out in the Federal Rules of Civil Procedure (hereinafter "FRCP"), and fail to properly enumerate any counts against Sovereign Bank, such that Sovereign Bank is completely unable to respond to the Complaint filed by the Plaintiffs.

6. Plaintiffs have completely failed to comply with the pleading requirements of Fed.R.Civ.Pro. 8-9.

7. Pursuant to FRCP 8(a), Plaintiffs are to set out "a short and plain statement of the claim showing that the pleader is entitled to relief," FRCP 8(a)(2). Plaintiffs however fail to do so, pleading instead long, winding paragraphs with vague and general allegations related to the mortgage industry in general.

8. Plaintiffs further breach FRCP 9(b) in that they fail to plead with any particularity any of the elements they associate with fraud.

9. Plaintiffs further breach the pleading requirements set out in FRCP 10(b) in that Plaintiff's Complaint is not set out in separately numbered paragraphs, limited to a single set of circumstances.

10. Due to these serious pleading deficiencies, Defendant is unable to ascertain any facts alleged against it and can not answer or respond to the Complaint.

11. Plaintiffs set out their Causes of Action to be as follows: Breach of Fiduciary Duty, Negligence/Negligence Per Se, Common Law Fraud, Breach of Implied Covenant of Good Faith and Fair Dealing, Violation of Truth in Lending Act, and Intentional Infliction of Emotional Distress.

12. Plaintiffs fail to state a claim with respect to each and every one of the alleged "Causes of Action."

13. To begin with, Plaintiffs fail to state a claim for relief with respect to their claim of Breach of Fiduciary Duty. Missouri law has long recognized that a lender does not owe a fiduciary duty to a borrower. *See UT Communications Credit Corp. v. Resort Development Inc.*, 861 S.W.2d 699, 710 (Mo.App.E.D. 1993). Accordingly, Plaintiffs fail to state a claim on which relief can be granted as Sovereign Bank never owed a fiduciary duty to Plaintiffs.

14. Further, for their breach of fiduciary duty claim, Plaintiffs fail to allege any specific acts of wrongdoing on the part of Sovereign Bank, thereby not

only failing to state a claim on which relief can be granted, but also failing to give Sovereign Bank anything to which to respond.

15. Plaintiffs next allege that they are entitled to recover under a negligence/negligence per se theory. However, Plaintiffs fail to plead any of the elements for negligence or negligence per se. Plaintiffs' claims assert vague and general actions on the part of lenders in general and fail to assert any specific wrongdoing on the part of Sovereign Bank.

16. Plaintiffs further fail to allege what legal duty was allegedly owed to Plaintiffs, how such duty was breached and how such alleged breach led to Plaintiffs being harmed. Rather, Plaintiffs make vague and broad assertions against unnamed "Defendants" for marketing loans and making allegedly defective and unlawful loans. Plaintiffs make no allegations of wrongdoing on the part of Sovereign Bank and fail to show how any alleged acts of Sovereign Bank constituted an act of negligence.

17. Plaintiffs next allege fraud, yet wholly fail to state a claim on which relief can be granted in that Plaintiffs fail to plead any of the elements of fraud and fail to plead specific instances showing that Sovereign Bank committed fraud.

18. Plaintiffs are required to state with particularity the circumstances constituting fraud. See F.R.C.P. 9(b).

19. Plaintiffs fail to make any specific allegations of fraud committed by Sovereign Bank, but rather rely on vague, ambiguous and overly generalized assertions of "representations" allegedly made.

4

20. Plaintiffs wholly fail to allege with any specificity what "representations" were made and how those "representations" were false.

21. Plaintiffs fail to allege how said "representations" were false and known to be false by Sovereign Bank at the time they were made.

22. The representations made by Plaintiffs arise from actions allegedly committed at loan origination. However, Sovereign Bank was not the originator of Plaintiffs' loan. Plaintiffs therefore can not allege any fraudulent representation on the part of Sovereign Bank and therefore fail to state a claim on which relief can be granted.

23. Plaintiffs next allege that Sovereign Bank has breached an implied covenant of good faith and fair dealing, yet fail to cite any specific allegations of wrongdoing by Sovereign Bank. Rather, Plaintiffs make vague, generalized, and ambiguous allegations of breach of a duty, to which Sovereign Bank can not respond and which fail to support the Plaintiffs' claim for relief.

24. The only allegation for breach of duty of good faith and fair dealing that can be imputed to Sovereign Bank relates to the commencement of foreclosure proceedings. Again however, there are no specific allegations of wrongdoing on the part of Sovereign Bank other than a failure to record any assignments, which is not required under Missouri law to begin with.

25. Rather, Plaintiffs' claims related to good faith and fair dealing consist of mostly generalized statements of law and conclusory allegations, without any specific facts to show how Sovereign Bank allegedly violated any duty of good faith and fair dealing.

26. Plaintiffs then allege violations of the Truth in Lending Act. However, Plaintiffs again fail to state a claim on which relief can be granted in that they fail to allege a single instance of wrongdoing on the part of Sovereign Bank, instead relying on vague and ambiguous condemnations of the mortgage industry in general.

27. Further, Plaintiffs claims under the Truth in Lending Act ("TILA") must be dismissed for being outside the statute of limitations. There is a one year statute of limitations from the date of occurrence in which to pursue a TILA claim. 15 U.S.C.A. §1640(e).

28. Plaintiffs' loan originated in 2006 and Plaintiffs made payments on said loan for several years before defaulting on the Note and Deed of Trust. Plaintiffs are therefore outside of time to file any TILA claim and said cause of action should be dismissed with prejudice to Plaintiffs.

29. Plaintiffs' final cause of action is for intentional infliction of emotional distress, which also fails for failure to state a claim as to Sovereign Bank.

30. Plaintiffs fail to allege any acts on the part of Sovereign Bank which were intentional or reckless, relying instead on vague and ambiguous allegations on the part of the mortgage industry in general and trying to impute same to Sovereign Bank.

31. Further Plaintiffs fail to state a claim for intentional infliction of emotional distress in that Plaintiffs allege they suffered "economic and noneconomic harm and detriment", rather than actual physical harm, which is an

element to a claim for intentional infliction of emotional distress. *See Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309 (Mo.App. E.D. 2010).

32. Plaintiffs' entire pleading consists of vague and ambiguous condemnations of the mortgage industry in general and fails to plead a single instance of wrongdoing on the part of Sovereign Bank.

33. As a result, Plaintiffs' Complaint fails to state a claim on which relief can be granted and should be dismissed with prejudice to Plaintiffs.

34. Further, Plaintiffs are parties to the above referenced State Court Action which more properly has jurisdiction due to the title issues raised with respect both the real property at interest and the Deed of Trust held by Sovereign Bank.

WHEREFORE, Sovereign Bank prays this Court enter its Order dismissing Plaintiffs' Complaint with prejudice and at Plaintiffs' costs, award Sovereign Bank its costs incurred herein, and for such other and further relief as this Court deems just and proper.

MILLSAP & SINGER, LLC

By: /s/ Scott D. Mosier
Scott D. Mosier, #44179
Aaron M. Schuckman #55304
612 Spirit Dr.
St. Louis, MO 63005
(636) 537-0110
(636) 537-0067 [fax]
smosier@msfirm.com
Attorneys for Defendant Sovereign Bank FSB

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was mailed, postage pre-paid, on October 21, 2010 to:

- David A. Douglas, 2300 E. Hartley St., Ozark, MO 65721
- Suzanne S. Douglas, 2300 E. Hartley St., Ozark, MO 65721

*[signature]*